If it may please the court, my name is Greg Hudson. I have the pleasure today of representing Norfolk & Dedham Mutual Fire Insurance Company. We're here today on a 12B6 dismissal case, and the principal issue in this case asks, essentially, what can we plead, when can we plead it, and under what obligation is a plaintiff to plead facts to try to affirmatively negate a defense which a defendant may bring up, in this case, a defense of the statute of repose? I don't think there's any question in this case, but that we adequately pled, as Rule 8 requires, a short, plain statement of facts to set forth a claim for products liability and breach of warranty and negligence. Specifically, in the underlying case, the property owners built certain, let's just call them chicken houses, using requirements from Tyson Foods for structural members. They requested from Rogers Manufacturing, trusses which would bear a certain amount of weight, which were then supplied. Those failed during a snowstorm. The facts pled in the complaint clearly set forth that the trusses failed to meet the requested specifications. That sets forth a claim for products liability. It sets forth a claim for negligence and for breach of warranty. In response to this, Rogers asserted that the statute of repose in Arkansas should apply. The district court, we think, over-read some of the allegations in the petition. Rather than allow the case to go to discovery to see exactly what specific, customized work, if any, was performed by Rogers in connection with this particular construction project, the court held, essentially, that there would be no set of facts which would be available to us, which might reasonably occur, that would not otherwise be barred by the statute of repose. We simply think that's incorrect. Why didn't Norfolk simply move to amend its complaint at that point? We thought about it, Your Honor. The problem that we ran into was all of the factual information regarding what Rogers did or didn't do in connection with this construction project is in the hands of Rogers. When we asked ourselves, what can we fairly put into this complaint consistent with our obligations under Rule 11, i.e., facts that we know are reasonably likely to be discovered through the discovery process, we felt that there were simply limitations on what we could put in there consistent with our obligations and our representations to the court. We didn't feel that we could, for instance, say that they did or did not take certain design actions with regards to these trusses. We did not feel that we could safely say, consistent with Rule 11, that they did or did not undertake certain design plans or modify existing components that they had or existing designs that they had. We simply didn't feel that we had enough information that would allow us to make those pleadings, and so we felt we could not. But that's exactly why the rules regarding dismissal under Rule 12 are written the way they are. Essentially, Rule 12 is supposed to have a very low threshold. You're only supposed to dismiss a case at the pre-answer, pre-discovery phase when there is no set of facts beyond mere speculation which could exist to support a claim. Otherwise, the court should allow the claim to go through to discovery, and then these issues can be vetted after the parties have had an opportunity to see what the facts actually reveal. In this case, the district court judge looked at the pleading, and I think specifically the allegations in paragraphs 19 and 29, which are where you will find the direct allegations concerning product liability and breach of warranty, and overread those allegations to say that what Norfolk had said was the work performed by Rogers was done specifically for this construction project. And not just for this construction project in the sense that we called them and asked them to send us materials, but done for this project in the sense that they provided some input to the project. I think it's important to take a step back and remember that under the Arkansas statute of repose, a distinction is drawn. It is a statute of repose which looks at the activity involved, not the character of the person performing the activity. In other words, to be entitled to the protections of the statute of repose in Arkansas, you have to provide some sort of design, installation, manufacture specific for the improvement to real property in question. If you were doing something other, or if your work has been done independently of the construction project or the improvement to real property, the statute of repose does not apply. So on page four of the district court opinion, the district court said defendant took the specifications, designed the trusses to meet the specifications, and built them. Is that what was pled? It was not, Your Honor. Yeah, because when I look at paragraph 17, it says defendant Rogers designed, you're getting close, fabricated, manufactured, produced, assembled, distributed, sold, supplied, delivered, and slash or placed them in the stream. So it seems less than clear to me that these were designed and built after the 23 pound requirement came in. That was certainly our intent when we pled it this way. We did not intend to plead, and I don't think the plain language of our complaint permitted the district court to read it the way he did. I do think that the district judge overread those allegations a bit. And again, that's why we believe that there was error done at the district court level, that this should have been allowed to go through to discovery. Obviously, the statute of repose will be an issue in this case. The district court is, of course, welcome to design a discovery control plan to focus discovery, perhaps even to vet this issue and have early motions practice if that's what happens. But what the district court should not have done was assume, based on these allegations, that there would be no set of facts that could be discovered, which would permit a claim that would be separate from the statute of repose. I ask for three minutes to be withheld for my rebuttal. I'm at the three-minute mark. Thank you very much. Very well. May it please the court. My name is Thomas Wyatt. I represent the Applee Rogers Manufacturing Corporation. This court should affirm the district court was correct that the statute of repose barred Norfolk's claims. Norfolk alleges that sometime in the 1990s, and these are the key paragraphs of the complaint to focus on are paragraphs 2, 6, and 7, that Tyson Foods approved ten of Norfolk and Dedham's insurers to be an integrated farm. To be approved, these farms were required to construct buildings that adhered to Tyson Foods' specifications for three different types of poultry-related housing, confinement houses, broiler houses, and pellet houses. Specific to this case, Tyson Foods' building specifications required the building's roof trusses to support a dead load weight of 23 pounds per square foot. The complaint alleges specifically that Rogers designed and or manufactured roof trusses to comply with the specific building requirement. Let me ask this question. Can the complaint possibly be read to have a situation where your client designs and manufactures 10-pound trusses, 20-pound trusses, 30-pound trusses, 40-pound trusses, 50-pound trusses, and sells them en masse as that kind of product? Every lumber supply place in the country is going to have 10, 20, 30. Their client calls and says, we need one for 23. The seller says, well, the 30 will cover that, and sells it to them. Doesn't the complaint allow that kind of a situation to have occurred, at least at this point? We just don't know. I would respectfully submit two points in response to that. The first is that the standard of review is that there must be reasonable inferences drawn for a complaint to state a claim. I would respectfully submit that that would be an unreasonable inference because there are not enough facts in the pleading to establish that fact pattern. My esteemed counsel on the other side made the point that there was information within my client's possession, custody, and control that would gravitate or otherwise shed light on whether or not they had a claim. But ostensibly Norfolk and Dedham's insureds would have enough information within their knowledge to be able to state, we called up Norfolk and Dedham and asked for these roof trusses to be delivered from stock, and some of them were. Alternatively, they could have pleaded facts to state, based upon experience, custom, and trade in the usage of this industry, these roof trusses are typically supplied from stock. They need to plead specific facts or it's their burden to plead reasonable inferences that get into the exception. Is that true when it's your affirmative defense? Well, I would argue that it is because the statute of repose is a complete bar to action, but also because the Arkansas Supreme Court and the cases that are decided by the Arkansas Supreme Court make clear that the statute of repose has broad application. And, in fact, actually this court held previously in the Star City case that the statute of repose seems to protect virtually everyone who is involved in a construction project, with the exception of these limited exceptions for standardized goods. I'll address the standardized goods portion in a minute, but what the complaint makes clear is that this was a construction project, and it's undisputed by the appellant in this case that the chicken houses were improvements to realty that were attached to the property. It's also undisputed that the roof trusses themselves were improvements to the chicken houses because they were attached with an intent to remain. When those facts are asserted within the complaint, I believe it is a burden on the plaintiff to plead facts or facts to support a reasonable inference that these were stock goods. Those do not appear at all in the complaint. And, in fact, actually our- Do you have a case that says that? Yes, I would argue that the case- If I can quickly find it, Your Honor. That the burden is on them at this stage to plead that it's a stock item. That's correct. The case would be the Warmington case that we cited in our brief. And that case is a case- I'm sorry, we cited that actually in our reply brief. And the Warmington case holds that this court is not permitted to conjure inferences or to otherwise raise unreasonable inferences in order to plead a case or in order to state a case. Well, that's different than they have to plead that it was a stock item. I'm sorry, Your Honor? I think that's a little different than saying they have to plead at this point that it was a stock item. Well, that's their burden in order to be able to state a claim under the exceptions that are recognized in the statute. They have to plead that we were not a participant in a construction project. I mean, I understand ultimately they might have to prove that to get around the statute. But we're at a motion-to-dismiss stage. Correct. So I'm looking for a case that says they've got to plead at the motion-to-dismiss stage that this was a stock item. I think that comes in from Ashcroft. It comes in from the Warmington case. It comes in from the other cases that describe the standard of review for pleading. This court can only accept facts and the complaint is true. And this court cannot ignore the specific facts that were pleaded in the pleading or accept certain facts in the pleading to ignore the remainder. Looking at the complaint as a whole, this was a construction project for specific related chicken houses by specifications promulgated by Tyson Foods. They have pleaded themselves into the statute by claiming that we provided a good that was incorporated into the improvement or was incorporated into the realty as part of that construction project. There's not a case that's particularly on point that says that they have an affirmative duty to plead out of it under Arkansas. That's their affirmative duty under this court and the Supreme Court's holding regarding the requirements for pleading standards. If you've pleaded yourself into the statute of repose, I believe there's an affirmative obligation by the plaintiff to then plead certain facts that claim the exception that they're trying to raise here on appeal. And that exception is that we manufactured standard goods. Again, going back to Norfolk's argument that we possess the information related to it, their insureds, and that was to your question, Judge, why did they not amend? That is a key point in the case that I think is worth noting, is that we presented these arguments on motion to dismiss, and by rule they have the automatic right to amend to allege facts depleted. They could go back to their insureds and say, did you order these items stocked or were they custom delivered? If they came back and said, well, we went to Ace and we asked the person at Ace to pull a couple of roof trusses off the shelf and provide them to us, they can then satisfy their Rule 11 standard to plead into an exception. I think it's very important to recognize, first of all, where this exception comes from. It comes from this court's holding in Star City, but really what informs it is Brown v. Overhead Door. And those exceptions make clear that the exception to the statute of repose or the material men requirement is if you're participating in a construction project, you're not allowed or you're covered by the statute of repose. And specifically, the types of examples or the elements to satisfy this, and this is what I would believe that they were required to plead to get out of the statute of repose, is that the trusses that my client manufactured were off the shelf, mass produced, manufactured in a controlled environment with quality controls, and that they did not vary from job to job. The examples the district court cited in the Brown v. Overhead Door case were asbestos, ceiling plaster, and fireproofing materials. That is manifestly different than the Arkansas Supreme Court's holding in Cherokee Carpet Mills regarding a water tank that was constructed to specific specifications that were provided by the buyer or the adverse contracting party in the construction contract. And that's squarely within the facts that they've pleaded here because they pleaded that we needed to participate or otherwise design and or manufacture roof trusses to be within a specific set of building specifications supplied by Tyson Foods. That puts the case within Cherokee Carpet Mills, and to get out of it you have to prove or you have to establish one of the exceptions that the district court came and concluded may exist under Arkansas law after having studied a number of other cases in other jurisdictions. And there are no facts in this complaint that state that these products were off the shelf, mass produced, manufactured in a controlled environment with quality controls, or specifically that the roof trusses in this case did not vary from job to job. And that's one of the reasons why we mentioned that the court is not dissuaded from common sense. This building ostensibly has roof trusses. My house has roof trusses. My office building has roof trusses. And they can be built from wood. They can be built from steel. They can be built from other materials. It's the plaintiff's obligation to state a claim. And in Arkansas, the statute of repose applies when you participate in a construction contract. And the case progeny holds that the statute applies to you when you have participated in that project and supplied goods for it, even if you weren't involved in the installation. You're above a material man in that case because you're providing specialized expertise and knowledge. For them to get out of that statute in order for them to plead, they were required to plead an exception at this juncture, and they could have done that based on the facts that were available to them. They did not take their right to amend, and therefore we respectfully request that the court affirm the judgment. I'm happy to answer any questions I might have, but I'm out of my time. None? Very well. Thank you, Judge. A number of things were just said that I really don't agree with. I'm sure that comes as a shock to the panel. The first one of which is that there is no fact pled in our complaint, which suggests that these were stock or manufactured in advance of this particular job. Paragraph 17, discussing strict product liability, specifically says, Defendant Rogers' manufacturing designed, fabricated, manufactured, produced, assembled, distributed, sold, supplied, delivered, and or placed into the stream of commerce wooden trusses to be used in poultry construction, like the structures built by Plaintiff's Insurance. That fact shows you and fairly inferences that these were not custom jobs, that these trusses were things supplied by Rogers previously to similar structures for similar purposes, and that we made use and reliance on the fact that Rogers had previously manufactured and supplied similar types of trusses for similar uses. To say that there's no fact pled in this petition suggesting that these were stock designs, stock products, is simply not true. Don't you have to read paragraph 17 in the context of paragraphs 13 and 14, which talk about Tyson Foods' specifications and the failure to follow Tyson Foods' specifications? Of course you do, Your Honor, but the two are apples and oranges, essentially. Tyson told our insurers that the buildings had to have certain structural requirements. We took those. We found a company that manufactured trusses for similar buildings and said, This is what we need. And then they supplied something to us. To the extent that behind the scenes they did independent design in order to meet that manufacturing standard, we don't know. If they did, if this was custom design work, we have one issue with the statute of repose, and it likely will be applicable. If, on the other hand, as the judge said earlier, they had trusses in stock that would meet or designs for trusses that would meet 23 pounds per square inch or higher than that, then these are not custom designed and the statute of repose does not apply. And to try to create a new affirmative burden on a plaintiff to anticipate that somebody will throw out a particular affirmative defense, in this case the statute of repose, and then to further say you have to plead additional facts to get around that flips Rule 8 on its head, and I submit to you that there is nothing in Ashcraft or Toombley which says so. Each of those cases continues to reaffirm the standard for pleading under Rule 8, that a short, plain statement of facts is all that is required, that a detailed statement is not required in order to survive a Rule 12b motion to dismiss, and all the case law from this court as well as the Supreme Court says, Rule 12b motions are not intended to somehow convert things into an ersatz motion for summary judgment. They should be granted in only a limited fashion. My time is now up. Thank you for your time this morning. If there are no further questions, I'll sit down. Thank you, counsel. Appreciate both of your appearance and argument. Case is submitted and we'll issue an opinion in due course.